```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

WILLIAM B. LOTT JR.,
    Plaintiff,


    v.                                        CIVIL ACTION NO.
                                                18-12182-MBB

KFORCE, INC.,
    Defendant.

**MEMORANDUM AND ORDER RE:**
**DEFENDANT KFORCE, INC.'S**
**MOTION TO DISMISS THE COMPLAINT**
**(DOCKET ENTRY # 9)**

**August 6, 2019**

**BOWLER, U.S.M.J.**

    Pending before this court is a motion to dismiss filed by defendant KForce, Inc. ("defendant") under Fed. R. Civ. P. 12(b)(5) ("Rule 12(b)(5)").  (Docket Entry # 9).  Plaintiff William B. Lott Jr. ("plaintiff") opposes the motion.  (Docket Entry # 17).  After a hearing, this court took the motion (Docket Entry # 9) under advisement.

<u>PROCEDURAL BACKGROUND</u>

    On October 18, 2018, plaintiff filed a pro se complaint raising four causes of action against defendant:  (1) racial discrimination (Count I); (2) "unlawful retaliation against an assertion of civil rights" (Count II); (3) handicap discrimination (Count III); and (4) age discrimination (Count IV).  (Docket Entry # 1-1, pp. 5-8) (capitalization omitted).

The underlying facts involve defendant's recission of a November 20, 2015 employment offer hiring plaintiff for "a temporary position" of a "Tier 1 Tech Support Specialist" at the Lynn Community Health Center. (Docket Entry # 1-1, p. 3). Plaintiff seeks $850,000 in lost wages, lost benefits, and pain and suffering. (Docket Entry # 1, p. 4).

On October 24, 2018, this court allowed plaintiff leave to proceed in forma pauperis and granted him permission to elect to have service made by the United States Marshals Service ("USMS") within 90 days. (Docket Entry # 5). The same day, the Clerk issued a summons for service of defendant by USMS. (Docket Entry # 6).

On November 2, 2018, plaintiff completed a service of process form and provided the address for defendant as "Daniel Muse KForce-Federal Reserve Building[,] 600 Atlantic Ave[.,] Boston[,] Mass." (Docket Entry # 7). On November 5, 2018, a "USMS Deputy or Clerk" acknowledged receipt of the summons with the above-noted completed address. (Docket Entry # 7). On November 19, 2018, a Deputy United States Marshal ("DUSM") attempted service. (Docket Entry # 7). The DUSM who attempted service checked a box on the Process Receipt and Return ("receipt") that reads, "I have executed as shown in 'Remarks,' the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company,

corporation, etc., shown at the address inserted below."
(Docket Entry # 7).  The "Remarks" section of the receipt includes mileage and hours for the DUSM but no specific information about the process served.  (Docket Entry # 7).  The name and title of the "individual served" listed on the receipt is "Kristina Rabuffo/Ops Coordinator."  (Docket Entry # 7).

Kristina Rabuffo ("Rabuffo") is a field operations coordinator and is "neither an officer of KForce nor KForce's registered agent for service of process in Massachusetts." (Docket Entry # 12, p. 2) (Docket Entry # 13, p. 1).  Her main roles include monitoring consultant satisfaction and time worked, distributing mail, ordering office supplies (without approval under the amount of $500 and with approval over $500), and performing other administrative tasks as needed.  (Docket Entry # 13, p. 1).  If a consultant is not satisfied, Rabuffo is not authorized to attempt resolution and instead must contact the relevant recruiter.  (Docket Entry # 13, p. 2).  Rabuffo has never negotiated contracts or supervised any other employees.  (Docket Entry # 13, p. 2).  Before and on November, 19, 2018, Rabuffo had never "received, seen, or heard of a summons" and was "generally unfamiliar with the concept and purpose of a summons."  (Docket Entry # 13, p. 2).

The receipt includes the DUSM's initials as opposed to the DUSM's signature.  (Docket Entry # 7).  Where the form

3

designates "Signature of Authorized USMS Deputy or Clerk" the box is initialed either "SC" or "JL" and the box where the form indicates "Signature of U.S. Marshal or Deputy," the box is initialed "JL." (Docket Entry # 7). The box next to Rabuffo's name designating her as "[a] person of suitable age and discretion then residing in the defendant's usual place of abode" is *not* checked. (Docket Entry # 7). The receipt shows that DUSM attempted service at 10:24 a.m. on November 19, 2018. (Docket Entry # 7).

On December 10, 2018, defendant filed the motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process. (Docket Entry # 9). On December 24, 2018, plaintiff filed an opposition, stating that he would "have the US Marshals Service, re-service of process on the [d]efendant again, with [s]pecial [i]nstructions to [s]erve an officer, managing or general agent, or process agent within the meaning of Rule 4(h)(1)([b])." (Docket Entry # 17). Accordingly, on December 26, 2018, approximately two weeks after defendant filed the motion to dismiss and two days after plaintiff filed his opposition, plaintiff requested the USMS make another attempt at service. (Docket Entry # 19, p. 1). Plaintiff completed another service of process form and provided the address for defendant as "Daniel Muse- KForce Inc[.] Federal Reserve Building[,] 600 Atlantic Ave[.,] 18th Floor[,] Boston[,] Mass[.]" (Docket Entry

4

# 19, p. 1). In the "special instructions" section of the form, plaintiff specified "Daniel Muse-Managing Director-617-368-6624 or some officer, managing or general agent, or person authorized to accept service on behalf of KForce pursuant to Fed. R. Civ. P. 4(h)(1)." (Docket Entry # 19, p. 1) (capitalization omitted). On December 28, 2018, a USMS Deputy or Clerk signed and acknowledged receipt of the summons with the above-noted completed address and special instructions. (Docket Entry # 19, p. 1).

A DUSM attempted service on January 17, 2019. (Docket Entry # 19, p. 1). Defendant denied service and no signature or name appears in the box designating the name and title of the individual served. (Docket Entry # 19, p. 1). The DUSM checked the box specifying that he or she was "unable to locate the individual, company, corporation etc., named above (See remarks below)." (Docket Entry # 19, p. 1). In the "Remarks" section, the DUSM explained that he or she spoke with "Rabuffo of KForce and she said Daniel Muse no longer works there." (Docket Entry # 19, p. 1).

## STANDARD OF REVIEW

"[A] motion to dismiss for improper service of process under Fed. R. Civ. P. 12(b)(5) challenges the 'mode of delivery.'" Connolly v. Shaw's Supermarkets, Inc., 335 F. Supp. 3d 9, 14 (D. Mass. 2018) (internal citation omitted). "Rule

5

12(b)(5) empowers courts to dismiss a complaint for insufficient service of process." Evans v. Staples, Inc., 375 F. Supp. 3d 117, 120 (D. Mass. 2019); Fed. R. Civ. P. 12(b)(5). "When a defendant challenges the sufficiency of process under Rule 12(b)(5), the plaintiff has 'the burden of proving proper service.'" Evans v. Staples, Inc., 375 F. Supp. 3d at 120 (quoting Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992)). In adjudicating a Rule 12(b)(5) motion to dismiss for insufficiency of service, a court may "look beyond the pleadings and may consider affidavits and other documents to determine whether process was properly served" including the two declarations (Docket Entry ## 12, 13) filed by defendant. Cutler Assocs., Inc. v. Palace Constr., LLC, 132 F. Supp. 3d 191, 194 (D. Mass. 2015). "[A]ny factual ambiguities are to be resolved squarely in the plaintiff's favor." Id.

## DISCUSSION

Defendant argues that service is insufficient because: (1) Rabuffo, the person served on November 19, 2018, was not authorized to receive service on behalf of defendant; and (2) the November 19, 2018 receipt provides insufficient details to demonstrate that defendant received proper service of process as it was not signed and did not detail the manner of service. (Docket Entry ## 9, 22). Furthermore, defendant emphasizes that plaintiff, in his opposition (Docket Entry # 17), concedes that

service of process on November 19, 2018 was improper. Plaintiff maintains he elected to use the USMS to serve defendant and the USMS "fail[ed] to serve the right person" or an authorized agent and additionally "failed to Process Receipt and Return." (Docket Entry # 17) (emphasis omitted). Additionally, plaintiff proposed a plan, which he has since executed, to have the USMS "re-service process" with special instructions regarding Rule 4(h)(1)(B). (Docket Entry # 17).

I. Authority to Receive Service of Process

Federal Rule of Civil Procedure Rule 4(h) ("Rule 4(h)"), addresses service of process on a corporation:

> Under Rule 4(h), a litigant may serve a corporation "(1) by following the state law process for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . , or (2) delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Ayele v. Delta Airlines, Inc., Civil Action No. 18-10617-DJC, 2018 WL 6001021, at *3 (D. Mass. Nov. 15, 2018) (quoting Leung v. Citizens Bank, Civil Action No. 12-11060-FDS, 2013 WL 1992453, at *2 (D. Mass. May 10, 2013) (citing Fed. R. Civ. P. 4(h)). In Massachusetts, a similar rule, Mass. R. Civ. P. 4(d)(2), governs service of process on a corporation. It allows service:

> by delivering a copy of the summons and of the complaint to *an officer*, to *a managing or general agent*, or to *the*

7

> *person in charge of the business* at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to *any other agent authorized by appointment or by law to receive service of process* . . ..

Mass. R. Civ. P. 4(d)(2) (emphasis added).

Neither plaintiff nor defendant argue that Rabuffo is either an "officer" or an "agent authorized by appointment or by law to receive service of process" under the federal or the Massachusetts rule. In any event, the facts do not support such an argument. In no uncertain terms, Tammi Franzese, a senior paralegal at KForce who is "familiar with KForce's corporate structure, the identity of its officers, and the identity of its registered agent for service of process in Massachusetts," confirmed that Rabuffo is "neither an officer of KForce nor KForce's registered agent for service of process in Massachusetts." (Docket Entry # 12). Rabuffo is also not a "person in charge of the business" within the meaning of Mass. R. Civ. P. 4(d)(2). She lacks any managerial authority and is simply a field operations coordinator. (Docket Entry ## 12, 13).

Therefore, the issue reduces to whether she is a "managing or general agent" within the meaning of Rule 4(h)(1)(B) or Mass. R. Civ. P. 4(d)(2). Whether an individual is "a managing or general agent" is determined by "a factual analysis of that person's authority within the organization." Egan v. Tenet

8

Health Care, 193 F. Supp. 3d 73, 83-84 (D. Mass. 2016) (addressing both Rule 4(h)(1) and Mass. R. Civ. P. 4(d)(2)). Generally, a managing or general agent "will have broad executive responsibilities" and perform duties "'sufficiently necessary' to the corporation's operations." Id. (internal citations omitted).

In Zond, the court analyzed a receptionist's authority within the organization and found that, although she had knowledge of what to do with the papers, she was not "particularly integral" to the company and was therefore not authorized to receive service. Zond, LLC v. Fujitsu Semiconductor Ltd., 53 F. Supp. 3d 394, 398 (D. Mass. 2014) (addressing Rule 4(h)). Indeed, "[c]ourts have repeatedly held that a receptionist does not ordinarily qualify as a corporation's agent." Carey Int'l Inc. v. Carey Limo Serv. Inc., Civil Action No. 10-12142-MLW, 2011 WL 9819989, at *1 (D. Mass. Sept. 22, 2011).

Here, the USMS served Rabuffo on November 19, 2018. (Docket Entry # 7). Rabuffo's title is "Field Operations Coordinator." (Docket Entry # 13, p. 1). Her main roles include monitoring time, distributing mail, ordering office supplies, and general administration. (Docket Entry # 13, p. 1). She lacks supervisory authority over other employees and has no executive power to solve employee disputes. (Docket

9

Entry # 13, p. 2). She is not permitted to spend more than $500 on behalf of the company without supervision. (Docket Entry # 13, p. 2). Before and on November 19, 2015, Rabuffo had never "heard of a summons" and was unfamiliar with the "concept." (Docket Entry # 13, p. 2).

Simply stated, Rabuffo's professional tasks do not constitute "broad executive responsibilities" sufficient to support characterizing her as a managing or general agent. See Egan v. Tenet Health Care, 193 F. Supp. 3d at 84. She did not understand the "concept" of a summons and therefore did not have either the knowledge of "what to do with the papers" or the authority to receive service. See Zond, LLC v. Fujitsu Semiconductor Ltd., 53 F. Supp. 3d at 397-98; (Docket Entry # 13, p. 2). In sum, the facts uniformly establish that Rabuffo is not a "managing or general" agent and is not "authorized to receive . . . service of process" for the purposes of either Rule 4(h) or Mass. R. Civ. P. 4(d)(2). See Ayele v. Delta Airlines, Inc., 2018 WL 6001021, at *3. Hence, the November 19, 2018 service is insufficient.

## II. Sufficiency of Receipt and Fed. R. Civ. P. 4(m)

Plaintiff is proceeding pro se and in forma pauperis, and opted to have process served by the USMS. The receipt provided by the USMS after the November 19, 2018 attempt provides insufficient detail to allow plaintiff to meet his burden of

proving proper service.  See generally Evans v. Staples, Inc., 375 F. Supp. 3d at 120 (it is plaintiff's burden to prove proper service).  In fact, as defendant points out, the receipt is not properly signed by the DUSM and, in addition, does not state that service was "'personally served'" but instead notes that service was "'executed.'"  (Docket Entry ## 7, 9).  Plaintiff acknowledges that the receipt is insufficient to show that defendant was properly served.  (Docket Entry # 17).

More to the point, service remains insufficient as fully discussed in Roman numeral I.  Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") allows an extension of the time to serve a prospective defendant under certain circumstances.  In particular, "If a defendant is not served within 90 days after the Complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, "[t]he 'court must extend the time for service of process if there is good cause shown for the delay.'"  Evans v. Staples, Inc., 375 F. Supp. 3d at 120 (quoting Riverdale Mills Corp. v. United States Dep't of Transp. Fed. Aviation Admin., 225 F.R.D. 393, 395 (D. Mass 2005)).  "'The dismissal of a complaint is an inappropriate exercise of . . . discretion when there exists a reasonable prospect that service may yet be obtained.'"  Forward

Fin. LLC v. Moss Supermarket LLC, 303 F. Supp. 3d 209, 211 (D. Mass. 2018) (quoting Cutler Assocs., Inc. v. Palace Constr., LLC, 132 F. Supp. 3d at 194).

"While ignorance of procedural rules is ordinarily no excuse for improper service, courts have recognized certain exceptions for plaintiffs proceeding pro se or in forma pauperis." Connolly v. Shaw's Supermarkets, Inc., 335 F. Supp. 3d at 15 (emphasis added); see Edwards v. Bertucci's Italian Rest., Civil Action No. 13-10604-FDS, 2013 WL 5012705, at *3 (D. Mass. Sept. 11, 2013) (holding plaintiff's service of process was "clearly deficient" but allowing him "one final opportunity to effect service of process" as he was pro se and therefore "unfamiliar with service procedures"). "[T]he First Circuit has held that a pro se plaintiff proceeding in forma pauperis shows good cause when the Marshals fail to meet their obligations." Boyd v. Rue, Civil Action No. 09-10588-MLW, 2010 WL 3824106, at *1 (D. Mass. Sept. 27, 2010) (emphasis omitted). "So long as a plaintiff 'provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m)." Id. (quoting Ruddock v. Reno, 104 F. App'x 204, 206-07 (2d Cir. 2004) (unpublished)).

Here, there is sufficient good cause. Plaintiff provided the name and address of defendant. The DUSM nevertheless failed

to effectuate service within the allotted 90-day time period. (Docket Entry ## 7, 19). Plaintiff is therefore afforded up to and including October 23, 2019 to effectuate service.

CONCLUSION

For the foregoing reasons, the motion to dismiss (Docket Entry # 9) is **DENIED** without prejudice and plaintiff is afforded up to and including October 23, 2019 to accomplish service of the summons and complaint on defendant. The Clerk shall re-issue a summons, which plaintiff shall complete and provide the USMS. The USMS shall serve the summons, complaint, and this Order on defendant in the manner directed by plaintiff.

                                          /s/ Marianne B. Bowler_____
                                        **MARIANNE B. BOWLER**
                                        United States Magistrate Judge